UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD JOHNSON (#117395)

VERSUS

CIVIL ACTION

MAJ. WHITTAKER, ET AL

NUMBER 13-110-JJB-SCR

**RULING**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Whittaker, Capt. Aymond, Lt. Templeton and Sgt. Hawkins. Plaintiff alleged that on June 18, 2011, he was sprayed with a chemical agent and beaten without provocation in violation of his constitutional rights.

**I. Applicable Law and Analysis**

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33-34,

112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Prescription**

Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915. Section 1915 allows a district court to dismiss an in forma pauperis suit if satisfied that the action is frivolous or malicious. An in forma pauperis suit is properly dismissed as frivolous if the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law and in fact. *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986). A section 1915 dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ketzel v. Barnett*, 263 F.3d 163 (5th Cir. 2001); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state.

*Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on December 26, 2012, and it was filed on February 21, 2013.[1] Ordinarily, any claims the plaintiff had against these defendants regarding acts which occurred prior to December 26, 2011, have prescribed.

However, the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affects this court's decision. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed Administrative Remedy Procedure ("ARP") proceedings will act to toll the running of the one-year

---

[1] It appears from a review of the record that the plaintiff initially mailed his complaint to the Clerk of Court for filing on or about January 25, 2013. Record document number 1, p. 16. The court presumes that in accordance with General Order 2012-01, Procedural Rules For Prisoner Electronic Filing Pilot Project and at the direction of the court, the Clerk of Court returned the complaint to the plaintiff with instructions to file the complaint in accordance with General Order 2012-01. Although the evidence in the record indicates that the plaintiff actually submitted his complaint to prison officials for filing through the Prisoner Electronic Filing Pilot Project on February 21, 2013, (see scan stamp, record document number 1-1, p. 1) rather than on December 26, 2012, the court will assume for purposes of determining prescription that the plaintiff filed his complaint on December 26, 2012, the date most favorable to the plaintiff.

3

Case 3:13-cv-00110-JJB-SCR   Document 15   10/02/13   Page 3 of 5

limitations period for prisoners' claims in this state.

Plaintiff alleged that he exhausted available administrative remedies in Administrative Remedy Procedure ("ARP") LSP-2011-2452. This matter was stayed for a period of 30 days to obtain a certified copy of the administrative record from Department of Corrections officials.

A review of the administrative record[2] showed that the administrative grievance was signed by the plaintiff on September 10, 2011, it was received by prison officials on September 14, 2011,[3] it was accepted into the procedure and was assigned as ARP LSP-2011-2452. Plaintiff complained that on June 18, 2011, he was subjected to an excessive use of force. The ARP was denied at the First Step and on November 7, 2011, the plaintiff proceeded to the Second Step.[4] The ARP was denied at the Second Step on January 5, 2012.[5]

ARP LSP-2011-2452 tolled the limitations period between September 10, 2011, the date the plaintiff signed the ARP, and January 5, 2012, the date the ARP was denied at the Second Step of the two step procedure.

From June 18, 2011, the date the incident occurred, until

---

[2] Record document number 13.

[3] Record document number 13-1, p. 2.

[4] *Id.* at 6.

[5] *Id.* at 1.

4

Case 3:13-cv-00110-JJB-SCR   Document 15   10/02/13   Page 4 of 5

September 10, 2011, the date the plaintiff signed the administrative grievance, 83 days of the limitations period elapsed. From September 10, 2011, the date the plaintiff signed ARP LSP-2011-2452, until January 5, 2012, the date the ARP was denied at the second step, the limitations period remained tolled. From January 5, 2012, until December 26, 2012, the date the plaintiff signed his complaint, 355 days of the limitations period elapsed.

By the time the plaintiff filed his complaint, 438 days of the limitations period elapsed. By the time the plaintiff filed his complaint, the claims had already prescribed.

Therefore, the plaintiff's complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, ~~October~~ ____, 2013.

JAMES J. BRADY
~~UNITED~~ STATES DISTRICT JUDGE